IN THE U.S. DISTRICT COURT, MIDDLE DISTRICT OF
FLORIDA, ORLANDO DIVISION

**Nasseam M. James**,
    Plaintiff,

v.

**Florida Department of Health a/k/a Florida Health,**
    Defendant.

Case No:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Nasseam M. James ("Plaintiff"), sues the Florida Department of Health a/k/a Florida Health ("FDOH"), and states as follows:

## COUNT 1 – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RETALIATION

1. Plaintiff is an individual resident of Polk County, Florida.

2. Defendant, FDOH, is an executive branch agency with its principal location in Tallahassee, Leon County, Florida.

3. This Court has subject matter jurisdiction over the claims alleged.

4. This Court is the appropriate venue for this proceeding because the causes of action alleged accrued in Orange County, Florida.

5. Plaintiff is a member of a protected class. She is female. She is also black.

6. FDOH is an executive branch agency whose primary function is overseeing the public health and safety of the State of Florida, its residents, and its visitors.

7. Plaintiff began working for FDOH on or about November 26, 2012.

8. In or around February 2018, Plaintiff began serving as the Deputy Director and Assistant CHD for Orange County.

9. In or around February 2019, Plaintiff's immediate supervisor retired, and Plaintiff was selected to act as his interim until his replacement started.

10. Shortly thereafter, Raul Pino ("Mr. Pino") arrived and was appointed as Director for Orange County. He acted as Plaintiff's immediate supervisor.

11. Immediately upon arriving, Mr. Pino began making comments to Plaintiff about changes he would be imposing in the workplace including terminating the Executive Assistant, who, like Plaintiff, was also a black female.

12. Plaintiff would approach Mr. Pino regarding issues she was having with her staff following through on requests made and tasks assigned by her only to be told by Mr. Pino that he circumvented her and

changed the requests and/or tasks himself. When asked why, Mr. Pino informed her that he was the "Health Officer" and that he could make any changes he wanted to.

13. Pino took these actions because of Plaintiff's race (black) and sex (female).

14. After his arrival, Mr. Pino also committed a number of micro-aggressions, slights, and disparate treatment against Plaintiff because of her race and sex, and Plaintiff also became concerned about how other black and female employees were being treated.

15. In February 2020, Plaintiff complained to Human Resources ("HR") about Mr. Pino's discrimination and harassment on the basis of race and sex. The complaint was referred to the Equal Opportunity Manager.

16. In the process of investigating the Complaint, HR spoke with Mr. Pino and advised him of the Complaint. He became aware that Plaintiff submitted it.

17. Mr. Pino was visibly upset following his initial discussion with HR and told Plaintiff that if she continued to complain about him to HR, she would have to leave. He began separating Plaintiff from other leaders in the Department and minimizing her role.

18. While HR was processing her complaint, Plaintiff kept HR advised of Mr. Pino's retaliatory conduct.

19. Plaintiff was terminated by Mr. Pino on or about August 4, 2020.

20. Plaintiff was terminated in retaliation for reporting race-based and sex-based discrimination, harassment and retaliation by Mr. Pino.

21. Defendant acted willfully, intentionally, and with reckless disregard for Plaintiff's rights.

22. Plaintiff was retaliated against for reporting discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

23. Plaintiff has been damaged by the Defendant's actions. Her damages include, but are not limited to, lost wages, emotional distress, and attorneys' fees and costs.

24. Plaintiff filed a charge with the Florida Commission on Human Relations ("FCHR") arising out of these incidents, charge number 202127107, within 300 days of her termination date, August 4, 2020.

25. The charge was deemed dual-filed with the Equal Employment Opportunity Commission ("EEOC") and processed by the FCHR on behalf of the EEOC pursuant to a work-sharing agreement between the EEOC and the FCHR.

26. The EEOC issued Plaintiff its Determination and Notice of Rights on March 22, 2022. See attached Exhibit "A."

27. The Determination and Notice was received by Plaintiff after on or after March 22, 2022.

28. This lawsuit has been filed within 90 days after receipt of the Determination and Notice of Rights.

29. Plaintiff has retained the undersigned law firm and agreed to pay it a reasonable fee for its services.

WHEREFORE, Plaintiff demands judgment against Defendant:

a. Adjudging and decreeing that Defendant has violated Title VII and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Requiring Defendant to pay Plaintiff damages including back pay, front pay, compensatory damages, pre and post-judgment interest, reasonably attorneys' fees and costs, and any additional damages the Court deems appropriate;

c. Awarding Plaintiff costs of this action, together with reasonable attorneys' fees;

d. Such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Respectfully submitted this 20th day of June, 2022.

_____
J. Kemp Brinson
Fla. Bar No. 752541
**BLOODWORTH LAW, PLLC**
801 N. Magnolia Ave., Ste. 216
Orlando, FL 32803
Office: (407) 777-8541
Primary: KBrinson@LawyerFightsForYou.com
Secondary: RKovacevic@LawyerFightsForYou.com
Attorney for Plaintiff